IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRENT WEICKERT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 1:16-cv-00142-RJL |
| | ) |
| **NATURAL PRODUCTS ASSOCIATION** | ) |
| | ) |
| **and** | ) |
| | ) |
| **DANIEL FABRICANT,** | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRAITON**

Natural Products Association ("NPA" or the "Association") and Daniel Fabricant (collectively "Defendants"), by counsel, submit this Response to Plaintiff's Evidentiary Objections in Opposition to Defendants' Motion to Compel Arbitration and Stay Case Pending Arbitration.

**I.   OBJECTION NUMBER ONE**

Plaintiff objects to Defendant Fabricant's opinion that Plaintiff's human resources duties included maintaining handbook acknowledgment forms for all employees, and that Plaintiff failed to perform the required functions of his job by failing to maintain a copy of his own form. In short, Plaintiff argues that because Mr. Fabricant did not personally witness Plaintiff's alleged disposal of the form or refusal to sign the form, his testimony is inadmissible. Mr. Fabricant's testimony, however, is plainly admissible under FRE 701. *See United States v. Faulkner*, 636 F.3d 1009, 1018 (8th Cir. 2011).

In *Faulkner,* the defendant objected to witness testimony showing that the defendant retrieved money that the witness left out for him, on the grounds that the witness did not personally observe the defendant retrieve the money. As explained by the Court,

> Faulkner argues that there was no foundation for her testimony that Faulkner retrieved the money and cites Federal Rule of Evidence 602 for the proposition that a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. ***However, Rule 701 states that a witness not testifying as an expert may offer opinion testimony so long as the testimony is "rationally based on the perception of the witness."*** Fed.R.Evid. 701(a). "'Personal knowledge *or perceptions based on experience' is sufficient foundation for lay opinion testimony.*" *United States v. Smith,* 591 F.3d 974, 982 (8th Cir.2010) (quoting *In re Air Crash at Little Rock Arkansas on June 1, 1999,* 291 F.3d 503, 515–16 (8th Cir.), *cert. denied,* 537 U.S. 974, 123 S.Ct. 435, 154 L.Ed.2d 331 (2002)). [The witness'] testimony was rationally based on her perception. [She] made it clear in her testimony that she merely "believe[d]" that Faulkner took the money and even explained why she believed that [i.e. because he asked her to leave it out for him in a specified location]. If the jury did not find her belief credible because she did not actually see Faulkner take the money, the jury was free to disregard the testimony. Therefore, the district court did not abuse its discretion in admitting this testimony.

*Faulkner*, 636 F.3d at 1018 (emphasis added).

In the case at bar, Plaintiff in his role as CFO, reported directly to Defendant Fabricant, the CEO. As CEO, Fabricant had the requisite personal knowledge to testify that Weickert alone was responsible for maintaining signed copies of the handbook for all employees, including Weickert's copy. Accordingly, under FRE 701, Fabricant was free to opine, given his perceptions based on his experience as CEO in overseeing Plaintiff's performance, that the lack of a signed acknowledgment form for Weickert "is entirely attributable to Weickert's own conduct." Thus, Plaintiff's objection should be overruled.

## II.   OBJECTIONS NUMBERS TWO AND THREE

In objections two and three, Plaintiff objects to the admission of e-mail messages that he personally sent to other employees regarding the NPA Personnel Handbook, which are being offered for the purpose of showing Plaintiff's knowledge of the handbook terms. Specifically,

Plaintiff objects on the grounds that Fabricant lacks foundation/personal knowledge; that the e-mails have not been authenticated; that the admission violates the best evidence rule; and that e-mails are not relevant. Defendants will rebut each of Plaintiff's arguments, in turn, below.

> 1. **Fabricant, As CEO, Can Opine On the E-mails And The Handbook Referenced Therein Based Upon His Knowledge of NPA Policies, As Well As His Knowledge of Plaintiff's Duty to Comply With and Enforce Those Policies.**

For the reasons stated above with regard to Objection One, Fabricant, in his role as CEO, can opine on which handbook would have been in effect at the time of the e-mails, and on which handbook Plaintiff was required to refer to and enforce at the time of the e-mail. *See Faulkner*, 636 F.3d at 1018 (citing FRE 701).

> 2. **Weickert's E-mails Containing His Signature Are Self-Authenticating Pursuant to FRE 902(7); the Emails Have Also Been Properly Authenticated Under FRE 901; and the Best Evidence Rule Does Not Apply.**

FRE 902(7) provides that evidence is "self-authenticating" and "require[s] no extrinsic evidence of authenticity in order to be admitted" when it contains "[a]n inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership, or control." The e-mail messages objected to by Plaintiff contain his NPA e-mail signature, which clearly demonstrates that they originated from plaintiff in the ordinary course of business. Accordingly, the e-mails are self-authenticating business records when their evidentiary offering is accompanied by Fabricant's testimony as CEO of NPA.

Moreover, FRE 901 presents a low bar for authentication in general. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FRE 901(a). This can be accomplished by testimony of a witness with knowledge, as well as by the "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." FRE 901(b)(1); FRE 901(b)(4).  Here, the e-mails

were sent in August of 2015. Dec. Fabricant, ¶¶5-6. The handbook was effective as of November 4, 2014. ECF 43-4. Moreover, exhibits cited by Plaintiff demonstrate that the handbook was not revised at any time between September 16, 2014 and the date of the e-mails at issue. *See* ECF 45-1, at 54. Accordingly, contrary to Plaintiff's assertion on brief, "taken with all the circumstances," it is clear that the handbooks referred to in paragraphs 5 and 6 of Fabricant's declaration, contain the arbitration clause and acknowledgement and receipt form. FRE 901. Thus, the e-mails have been authenticated under FRE 901, and Fabricant's testimony based on his knowledge as CEO makes clear which handbooks are being referenced. As confirmed by Plaintiff's exhibits, the best evidence rule does not alter this result.

In addition, to rebut Plaintiff's concern that the handbook referenced in ¶ 6 of Fabricant's declaration was perhaps not the handbook version being enforced in this matter, the Defendants have provided an authenticated version of the August 4, 2015 e-mail and attachment thereto. *See* Exhibits A and B to the attached Keysar Declaration. It is beyond question that the handbook sent to Lindsay Keysar and the handbook being enforced in this case are the same, as both reflect the identical effective date of November 4, 2014.

    **3.**    **Having Been Properly Authenticated, The E-mails Are Clearly Relevant.**

Because the e-mail messages have been authenticated to demonstrate that the handbook Mr. Weickert referenced therein is the same handbook that was produced in this dispute, the e-mails are plainly relevant to demonstrate Weickert's knowledge of the Grievance and Arbitration Procedures contained within the handbook. Accordingly, Plaintiff's Objections Numbers Two and Three should be overruled.

    **III.**    <u>**OBJECTIONS FOUR; FIVE; SIX; SEVEN; AND EIGHT**</u>

In objections Four; Five; Six; Seven; and Eight, Plaintiff seeks exclude evidence of his poor job performance; poor relationships with coworkers; misappropriation of corporate benefits;

4

and failure to follow the grievance procedures, as the proffered reasons for his termination. Plaintiff's objects on the grounds of relevance to the issue of arbitrability, as well as on the grounds that Fabricant lacked personal knowledge. Defendants will address each of Plaintiff's arguments, in turn, below.

   1.   **Plaintiff's Poor Job Performance and Financial Improprieties Are Relevant to the Issue of Arbitrability.**

When deciding the issue of arbitrability, this Court determines the two "gateway" issues of: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. The NPA Personnel Handbook provides that "[a]rbitrable disputes are those that… arose out of or are related to a claim of employment discrimination (including discrimination or sexual harassment) or *termination of employment*." ECF 43-4 (emphasis added). Accordingly, Fabricant's testimony that Plaintiff's poor job performance; his poor relationships with coworkers; and his misappropriation of corporate benefits were the reasons for his *termination*, is relevant to satisfying the second element and establishing that the agreement to arbitrate covers the dispute between the parties.

Likewise, the Personnel Handbook specifically provides that when a grievance concerns an action by the CEO, the Senior VP/CFO will determine "the particular member of the Executive Committee to whom the written grievance should be submitted." ECF 43-4 at 29. Fabricant's testimony, however, indicates that Weickert communicated with certain members of the board of directors outside the normal reporting channels. Dec. Fabricant, ¶9. This evidence is plainly relevant for the purpose offered: that Plaintiff had knowledge of the Grievance and Arbitration Procedures, but nevertheless chose to exceed their scope.  In seeking to exclude this evidence, Plaintiff cites FRE 403 and argues that the evidence is "prejudicial to Plaintiff and confuses the issue at play." ECF 45-2. Rule 403, however, establishes a much higher burden, and merely permits the court to exclude evidence after a finding that relevant evidence is

"substantially outweighed" by the danger of unfair prejudice or confusion. Plaintiff cannot satisfy that higher burden here.

### 2. Fabricant Has the Requisite Personal Knowledge to Offer An Opinion On Plaintiff's Poor Performance Pursuant to FRE 701.

As for Plaintiff's lack of foundation/personal knowledge objections, numbers Six and Seven, pursuant to FRE 701, Fabricant was free to opine that Plaintiff engaged in financial improprieties and was unable to balance the general ledger, given Fabricant's perceptions based on his experience as the CEO responsible for overseeing Plaintiff's performance as CFO. *See Faulkner*, 636 F.3d at 1018. Moreover, evidence of Plaintiff's financial improprieties, which he admitted on October 15, 2015, are further admissible as a statement against interest and as a statement of a party opponent. *See* FRE 804; 801. Accordingly, Plaintiff's Objections Numbers Four; Five; Six; Seven; and Eight should be overruled.

Dated: April 25, 2016

Respectfully submitted,

NATURAL PRODUCTS ASSOCIATION and
DANIEL FABRICANT

By: __/s/__ Andrew J. Narod_____
Andrew J. Narod (No. 1006083)
LECLAIRRYAN, A PROFESSIONAL CORPORATION
2318 Mill Road, Ste. 1100
Alexandria, Virginia 22314
Telephone: (703) 647-5935
Facsimile: (703) 647-5962
andrew.narod@leclairryan.com

and

Richard J. Oparil (D.C. Bar No. 409723)
PORZIO, BROMBERG & NEWMAN P.C.
1200 New Hampshire Ave. NW, Suite 710
Washington, D.C. 20036
Telephone: (202) 517-1888
rjoparil@pbnlaw.com

*Attorneys for Defendants*
*Natural Products Association and Daniel Fabricant*

### CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2016, I served the foregoing on all counsel of record through the Court's CM/ECF system.

By: __/s/__Andrew J. Narod_____
Andrew J. Narod (No. 1006083)