# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT WEICKERT<br><br>Plaintiff,<br><br>vs.<br><br>NATURAL PRODUCTS ASSOCIATION; DANIEL FABRICANT and DOES 1-25, inclusive,<br><br>Defendants. | No.: 1:16-cv-00142 (RJL) |

**BRENT WEICKERT'S OPPOSITION TO DEFENDANT'S MOTION FOR AN ORDER TO REQUIRE THAT THE PARTIES TREAT CERTAIN ARBITRATION MATERIAL AS CONFIDENTIAL AND THAT THE MATERIALS BE FILED UNDER SEAL**

Brent Weickert requests this Court deny Defendant Natural Products Association's ("NPA") emergency motion requesting certain arbitration materials be filed under seal. NPA's motion fails to disclose to this Court that the Arbitrator has already ruled on the issue of confidentiality of the arbitration and carefully considered the Protective Order, Employee Handbook, and JAMS Employment Rules. The Arbitrator has twice denied NPA's request for confidentiality and ruled that all but a select few arbitration materials are **not** confidential. The arbitration is not yet complete, so this Court does not have jurisdiction over rulings made in the arbitration. Even if it did have jurisdiction, this Court's authority is limited to confirming, vacating, modifying, or correcting an award pursuant to 9 U.S.C. §§ 10 and 11. No such motion is currently before this Court.

1

Moreover, Mr. Weickert had not filed or considered filing anything in this Court when NPA made its motion and NPA had filed bankruptcy in Delaware, which means all actions are stayed pending the bankruptcy. Once the bankruptcy was filed, Mr. Weickert could not file anything in this Court without the Bankruptcy Court lifting the stay. Due to NPA's improper filing with this Court, the issue concerning the arbitration documents is now pending before two courts – this Court and the Bankruptcy Court in Delaware. That means there is a chance of inconsistent rulings. Finally, NPA did not meet and confer as required by local rules before filing its motion. For these reasons, Mr. Weickert requests this Court deny NPA's motion.

## BACKGROUND

This Court granted NPA's motion to compel arbitration on March 31, 2017. Doc. No. 49. After the Court's order, the matter was submitted to JAMS for arbitration before Judge Stephen E. Haberfield. The Arbitrator conducted a five-day evidentiary hearing from March 26, 2018 through March 30, 2018. During the hearing, NPA asked the Arbitrator for a blanket ruling of confidentiality of the arbitration. Mr. Weickert opposed the request. The Arbitrator allowed both parties to brief the issue of confidentiality as part of their closing briefs. After Mr. Weickert and NPA submitted their closing briefs, on August 15, 2018, the Arbitrator issued a twenty-nine page Merits Order No. 1. Merits Order No. 1 granted Mr. Weickert back pay, pre-award interest, future earnings, consequential damages, and California Labor Code waiting time penalties totaling approximately $725,000.00. Declaration of Kathleen Hartman ("Decl. Hartman") at Exhibit A, Merits Order No. 1, at 17-19.[1] Additionally, the Arbitrator determined that Mr. Weickert proved the merits of his claims for emotional distress damages, punitive damages, and attorney's fees and

---

[1] Local Rule 5.1(h) only allows for documents to be filed under seal pursuant to statutory authority. NPA provided no statutory authority for its motion and has not filed a motion to vacate or modify the award. Mr. Weickert, on the other hand, has an order that the arbitration proceedings are **not** confidential. Therefore, the arbitration orders were not filed under seal.

2

costs, and ruled against NPA on its retaliatory cross-complaint. *Id.* at 19-20, 26-28. However, the Arbitrator reserved determining the total amount of damages awarded to Mr. Weickert until a later date after further briefing. The Arbitrator called Merits Order No. 1 an Interim Order. Also included in Merits Order No. 1, was a ruling by the Arbitrator denying NPA's request for any special order of confidentiality concerning the Arbitration but he did order that the name of a single individual must remain confidential. *Id.* at 28, ¶ 4.

NPA did not like the ruling, so it again requested the Arbitrator deem the arbitration confidential. The Arbitrator allowed the parties to submit further briefing on the matter. On January 18, 2019, the Arbitrator issued Order Re Respondent's Application for Blanket Arbitral Confidentiality and again denied NPA's application for blanket arbitral confidentiality. Decl. Hartman at Exhibit B, Order Re Respondent's Application for Blanket Arbitral Confidentiality. The Arbitrator held that "no documents (e.g. pleadings, briefs, motions, transcripts, etc.) or information of or concerning this arbitration is ordered or deemed confidential." Decl. Hartman at Exhibit B, Order Re Respondent's Application for Blanket Arbitral Confidentiality at 3. In this Order at pages 6 through 7, the Arbitrator exercised his right under the Protective Order to amend the Protective Order to conform with his order denying confidentiality. The Protective Order submitted at Exhibit 3 to the declaration of Richard Oparil does not contain the amendment ordered by the Arbitrator. NPA also neglected to provide this background information to this Court in its moving papers.

After completion of further proceedings in arbitration, the Arbitrator was scheduled to submit the Final Arbitration Order by August 27, 2019. On August 19, 2019, a mere eight days before the Arbitrator's final order was due, NPA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware. Given the

automatic stay in bankruptcy cases, the Arbitrator did not issue his final order by the deadline. Notably missing from NPA's bankruptcy petition is that it has an insurance policy that currently has remaining available funds to help satisfy some of the award in Mr. Weickert's case. Filings by NPA such as this motion, which was completely unnecessary, are likely further eroding those insurance funds.

On September 4, 2019, Mr. Weickert filed a Motion for Relief from the Automatic Stay to Allow Arbitrator to Issue Final Order in the Bankruptcy Court for the District of Delaware. That motion is currently set to be heard on September 25, 2019. NPA has also asked the Bankruptcy Court to issue an order to seal the arbitration documents. Therefore, the issue of sealing the arbitration document is pending in two courts and there is the potential for inconsistent rulings.

## ARGUMENT

### A. The Arbitrator Already Ruled Twice That The Majority Of The Arbitration Is Not Confidential

During the arbitration hearing, NPA requested that the hearing be confidential. The parties were permitted to brief the issue of confidentiality as part of their final briefing. After consideration of matter, the Arbitrator made the following ruling: "NPA's request for any special order of confidentiality as to this arbitration is denied – except that the name of an employee who is referenced in footnote 34 of the Determinations portions of this Merits Order No. 1 shall be masked or deleted." Decl. Hartman at Exhibit A, Merits Order No. 1, p. 28, ¶ 4.

Merits Order No. 1 includes some unfavorable findings against NPA as a result of Daniel Fabricant's behavior. These findings include retaliation for Mr. Weickert reporting potential race and gender discrimination as well as reporting a hostile work environment created by Dr. Fabricant. Decl. Hartman at Ex. A, Merits Order No. 1 at p. 6, fn. 8. The reports of a hostile work

environment included matters of a sexual nature, such as Dr. Fabricant attending strip clubs and claiming they were work events, telling an employee that she needed to "go jack him off" when referring to a board member, and telling an employee that she should tell someone to "suck my [Dr. Fabricant's] dick." *Id.* at p. 12, fn. 16, p. 13, Fn. 20  Desperate to cover up this information, NPA persisted in its request to obtain an order of blanket confidentiality of the arbitration so the Arbitrator permitted the parties to provide further briefing.  On January 18, 2019, the Arbitrator issued an Order Re Respondent's Application for Blanket Arbitral Confidentiality in which NPA's request was again denied.  Decl. Hartman at Exhibit B, Order Re Respondent's Application for Blanket Arbitral Confidentiality at p. 1.  NPA neglected to mention this Order in its filings with this Court.  This is significant because the Arbitrator found that he had authority under California law and JAMS Employment Arbitration Rules to deny confidentiality to all or part of the proceeding and that the Protective Order entered into by the parties specifically gave the Arbitrator authority to modify it. *Id.* at 2.

The Arbitrator also found that California substantive law governs the issue of confidentiality and that under California law, "confidentiality of unlawful employment practices are prohibited, as being strongly against public policy - - including those which Dr. Fabricant committed as Executive Director of NPA. . ." *Id.* at 2.  In particular, California Government Code section 12964.5 makes it unlawful to require an employee to sign any agreement that prohibits disclosure of "information about unlawful acts in the workplace, including, but not limited to, sexual harassment." *Id.* at 2-3.  Further, under the California Fair Employment and Housing Act ("FEHA"), which was at issue in this case, California makes any agreement that prevents a party from disclosing factual information about sexual harassment claims as void against public policy. *Id.*; see also Cal. Gov't Code § 12964.5; Cal. Code Civ. Proc. § 1001.

The Arbitrator also considered, and rejected, NPA's claim that JAMS Rule 26 precludes disclosure of the arbitration proceeding. The Arbitrator found that Rule 26 only covers confidentiality of JAMS and the Arbitrator, not the parties. JAMS Rule 26 states as follows:

> "(a) JAMS and the Arbitrator shall maintain the confidentiality of the Arbitration proceeding and the Award, including the Hearing, except as necessary in connection with the judicial challenge or an Award, or unless otherwise required by law or judicial decision."

JAMS Rule 26(b) specifically gives the Arbitrator authority to issue orders to protect confidentiality *if* the Arbitrator chooses to do so. In this case, after due consideration, the Arbitrator chose not to exercise his authority under the JAMS Rule to make the arbitration confidential.

The Arbitrator also carefully considered NPA's own actions when ruling on whether the matter should remain confidential. The Arbitrator noted that NPA waived its right and was "estopped from insisting on or even requesting arbitral confidentiality concerning the same conduct, which NPA deliberately and publicly disclosed and pressed in what has been determined to be a malicious and oppressive retaliatory federal court lawsuit, commenced by NPA in conscious disregard, among other things, of the employee handbook confidentiality provision on which it has relied in support of its confidentially application." *Id.* at 3. The federal court lawsuit the Arbitrator referenced was NPA's Complaint filed in the U.S. District Court for the District of Columbia, Case No. 1:16-cv-00194-RJL ("District Court Case") in which NPA made public allegations involving Mr. Weickert's employment and termination. *Id.* at 3 fn. 4. The Arbitrator found that given NPA's breach of the very document it sought to enforce, it would be "fundamentally unfair to cut Mr. Weickert off from the opportunity to set the record straight by

having the right and legal ability to disclose the hard-won determinations and award, which have vindicated what this arbitration has determined to be his lawful whistle-blowing actions and his humiliating unlawful and retaliatory termination and aftermath." *Id.* at 4.

Finally, the Arbitrator, looked at case law and found that other courts have rejected blanket confidentiality of arbitrations. *Id.* at p. 4 at fn. 5 citing *Grynberg v. BP P.L.C.*, 205 F.Supp.3d 1 (D.D.C. 2016); *Istithmar World PISC v. Amato,* No. 12-cv-7473, 2013 WL 66478 (S.D.N.Y 2013); *Alexandria Real Estate Equities Inc. v. Fair*, No. 11-cv-3694, 2011 WL 6015646, at *3 (S.D.N.Y. 2011); *Global Reinsurance Corp. – US Branch v. Argonaut Insurance Co.,* No. 07-cv-8196, 2008 WL 1805459, *2 (S.D.N.Y. 2018).

The Arbitrator's well-reasoned ruling after consideration of the facts and the law should be honored and NPA's request to essentially vacate the Arbitrator's Order should be denied.

B.   **This Matter Is Stayed Because The Arbitration Is Not Complete And The Bankruptcy Filing Caused An Automatic Stay**

In the Order granting NPA's Motion to Compel Arbitration, this Court found that "[a]bitration shall be the *exclusive* remedy for resolving any" disputes that "ar[i]se out of or are related to . . . termination of employment." Doc. No. 49, p. 2. Once a matter is subject to arbitration, the FAA restricts this Court's authority to confirming, vacating, modifying, or correcting an award pursuant to 9 U.S.C. §§ 10 and 11. Until the arbitration is complete, the matter is stayed. 9 U.S.C. § 3. Pursuant to that stay, NPA had no authority to file any motion with this Court nor does this Court have any authority to order Mr. Weickert to do anything related to the arbitration or anything related to the termination of his employment because, as this Court ordered, arbitration is the exclusive remedy available to the parties. Doc. No. 49, p. 2; 9 U.S.C. §§ 3, 10, and 11.

Additionally, there was no reason for NPA to file its motion with this Court because NPA's filing of bankruptcy placed an automatic stay on Mr. Weickert's ability to obtain a final arbitration award or file anything with this Court. 11 U.S.C. § 362(a). That same bankruptcy stay also precludes NPA's ability to file any documents with this Court while the stay is in effect. The stay applies to actions brought against the debtor and it cannot be waived by the debtor. *Acands, Inc. v. Travelers Cas. and Sur. Co.*, 435 F.3d 252, 259 (3d. Cir. 2006). Also, district courts have no equitable power to grant relief from a stay due to bankruptcy. *Id.* at 261. Through its filing, NPA seeks to relitigate multiple orders by the Arbitrator in a matter brought by Mr. Weickert against NPA, which is a violation of the automatic stay in effect due to the bankruptcy filing.

### C. Even If The Stay Does Not Apply, This Court's Authority Related To An Arbitration Proceeding Is Limited

Even if the matter was not stayed, this Court's authority related to the arbitration is limited to confirming, vacating, modifying, or correcting an award. 9 U.S.C. §§ 10 and 11. A court may vacate an arbitrator's order only in rare circumstances. *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013). To vacate the Arbitrator's Order, NPA bears the heavy burden to show more than error or serious error. *Id.* "Because the parties 'bargained for the arbitrator's construction of their agreement,' an arbitral decision 'even arguably construing or applying the contract' must stand, regardless of a court's view of its (de)merits. *Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62, 121 S.Ct. 462, 148 L.Ed.2d 354 (2000) (quoting *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 599, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *Paperworkers v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987); internal quotation marks omitted). Only if 'the arbitrator act[s] outside the scope of his contractually delegated authority'—issuing an award that 'simply reflect[s] [his] own notions of [economic]

justice' rather than 'draw[ing] its essence from the contract'—may a court overturn his determination. *Eastern Associated Coal,* 531 U.S., at 62, 121 S.Ct. 462 (quoting *Misco,* 484 U.S., at 38, 108 S.Ct. 364)." *Oxford Health Plans LLC v. Sutter,* 569 U.S. 564, 569 [133 S.Ct. 2064, 2068, 186 L.Ed.2d 113] (2013).

NPA's moving papers do not meet the heavy burden required to vacate the Arbitrator's orders regarding confidentiality. The Arbitrator provided multiple well thoughtout reasons why he found the arbitration was not confidential, including interpretation of the Protective Order entered into by the parties, the JAMS Rules, NPA's own waiver of confidentiality, and the law. Interpretation of the contracts and JAMS rules are well within the purview of the Arbitrator and there is nothing to suggest that the Arbitrator ruled based on "his own notions of [economic] justice." *Oxford Health Plans LLC v. Sutter,* 569 U.S. at 569. While NPA may not agree with the Arbitrator's decision, the FAA is very clear that even if the Arbitrator "got it wrong," which he did not, the arbitration award including the order that the arbitration itself is not confidential, must stand. *Id.* at 569.

### D. NPA Did Not Confer Prior To Filing The Motion

Local Rule 7(m) requires counsel to confer before filing any non-dispositive motions and to document such efforts in its motion. NPA did not follow this rule. Mr. Weickert was blindsided by a motion in this Court when the arbitration proceeding was not complete and NPA had already filed for bankruptcy. There was no reason for this motion given the automatic stay due to the bankruptcy filing and the fact that there was no intent by Mr. Weickert to file anything in this Court until cleared to do so by the Bankruptcy Court. NPA's filing has not only wasted assets of the bankruptcy estate and the insurance policy funds available to Mr. Weickert by engaging in

needless litigation, but it has wasted judicial resources and caused the possibility of inconsistent ruling. The lack of following the local rules is another reason to deny NPA's motion.

## CONCLUSION

Based on the foregoing, Mr. Weickert requests NPA's motion be denied.

Dated: September 10, 2019                                    Respectfully submitted,

/s/ Kathleen Hartman
KATHLEEN HARTMAN
(*Admitted Pro hac vice*)
**CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP**
2601 Main Street, Suite 800
Irvine, CA 92614
(949) 261-2872
Email: khartman@ctsclaw.com
Attorneys for Plaintiff,
BRENT WEICKERT

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2019, I served the foregoing on all counsel of record through the Court's ECF system.

/s/ Kathleen Hartman
KATHLEEN HARTMAN